```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

Rasheen Hicks                                CV-05-2417 (CPS)
                    Petitioner,

   - against -                               MEMORANDUM OPINION
                                             AND ORDER
United States of America,

                    Respondant.

```
----------------------------------------X
```

SIFTON, Chief Judge

On January 5, 2004, Petitioner Rasheen Hicks pled guilty to one count of possession of a firearm by a person convicted of a felony in violation of 18 U.S.C. § 922(g)(1). He is currently serving a 46-month prison sentence.

Presently before the Court is Hicks' petition pursuant to 28 U.S.C. § 2255 requesting that this Court set aside or correct the sentence imposed by this Court on May 4, 2004. Hicks challenges the imposition of his sentence on two grounds: (1) that he entered into a plea agreement, which inaccurately calculated his base offense level, resulting in a base offense level two points above what it otherwise should have been; and (2) that his counsel's assistance was ineffective for allowing him to enter into a plea agreement that incorrectly calculated his base offense level.

For the reasons that follow, the petition is denied.

- 2 -

**BACKGROUND**

The following facts are taken from the parties' submissions in connection with this motion and are uncontested except where noted.

Rasheen Hicks was apprehended on October 25, 2003, in Brooklyn, New York, while carrying a Taurus .40 caliber handgun and ammunition.  Hicks had previously been convicted in New York State Supreme Court, Kings County, of criminal possession of a control substance in the third degree, a crime punishable by a term of imprisonment of more than one year.  On January 5, 2004, Hicks pled guilty to one count of possession of a firearm by a person convicted of a felony in violation of 18 U.S.C. § 922(g)(1) before Magistrate Judge Levy.  Although a plea agreement had been discussed, Hicks' guilty plea was not entered pursuant to any agreement.

On May 4, 2004, this Court sentenced Hicks to 46 months of imprisonment, pursuant to U.S. Sentencing Guidelines § 2K2.1, Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition.[1]  Hicks' sentence recommendation was based on a

---

[1] This sentence was imposed, and became final, prior to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), that the U.S. Sentencing Guidelines were advisory rather than mandatory.  Following *Booker*, some criminal defendants have petitioned their sentencing courts, requesting a review of their imposed sentence in light of *Booker*'s holding.  The Second Circuit has held, however, that "*Booker* does not apply retroactively to cases on collateral review" where the defendant's conviction was final as of January 12, 2005.  *Guzman v. United States*, 404 F.3d 139, 104 (2d Cir. 2005).  A new rule of constitutional law will only apply retroactively to cases on collateral review when "the rule is substantive or a 'watershed' rule of procedure that affects the fundamental fairness and accuracy of the criminal

category IV criminal history and a base offense level of 20, with a 2 level enhancement for obliterating the firearm's serial number and a 3 level reduction for acceptance of responsibility, resulting in a net offense level of 19.

On May 4, 2005, Hicks filed a *pro se* petition under § 2255 requesting that this Court vacate, set aside or correct his sentence. Hicks challenges his sentence on the two grounds stated above: (1) that his plea agreement incorrectly calculated his offense level and (2) that his counsel was ineffective for allowing him to plead guilty pursuant to that agreement.

For the reasons set forth below, his petition is denied.

## DISCUSSION

As the petition was filed *pro se*, the court must give the petitioner "every reasonable opportunity to demonstrate a valid complaint," *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991), and construe the "*pro se* petitioner's motion liberally in his

---

proceeding." *Id.* at 140 (citing *Teague v. Lane*, 489 U.S. 288 (1989); *Schriro v. Summerlin*, 542 U.S. 348 (2004)) (internal marks omitted). The Second Circuit, as well as several other courts of appeals, has concluded that, although *Booker* did establish a new rule, it was neither substantive, nor a watershed rule of procedure. *Id.* at 140, 142 & 143-44.

In order to obtain a review of a sentence imposed prior to *Booker* when the Sentencing Guidelines were mandatory, a defendant must have appealed the imposition of his sentence. *See Crosby v. United States*, 397 F.3d 103 (2d Cir. 2005) (reviewing the appeal of a sentence for plain error and remanding to the district court for consideration of whether to re-sentence); *United States v. Fagans*, 406 F.3d 138 (2d. Cir 2005) (remanding for re-sentencing because the defendant preserved for appeal the erroneous compulsory application of the Guidelines); *United States v. Lake*, 419 F.3d 111 (2d Cir. 2005) (reviewing the appeal of a sentence for harmless error when defendant properly preserved his objection to Guidelines enchantments based on judicial fact-finding). In this case, Hicks did not appeal his sentence, he has only petitioned this court pursuant to § 2255.

favor," *Vasquez v. United States*, 1999 WL 549004, at *2 (S.D.N.Y. 1999).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

Section 2255 provides a prisoner in federal custody a limited opportunity to challenge collaterally the legality of the sentence imposed on him by the Court.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  The sentencing court is authorized by § 2255 to discharge or resentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255; *Addonizio*, 442 U.S. at 185.  In a § 2255 proceeding, the petitioner bears the burden of proving by a preponderance of the evidence that his sentence was imposed unlawfully.  *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

**Base Offense Level**

Hicks first argues that his sentence is excessive because he was assigned a base offense level of 22 in error. Hicks maintains that his base offense level should have been 20 because the offense he admitted to committing is described by § 2K2.1(a)(4)(A)[2] of the Sentencing Guidelines, not by §

---

[2] Section 2K2.1(a)(4)(A) prescribes a base offense level of 20 if:
The defendant committed any part of instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense.

2K2.1(a)(3),[3] which would have resulted in a net offense level of 17 after the 3 level reduction for acceptance of responsibility. Thus, Hicks argues that his sentence should be reduced because he was sentenced based on the improper offense level.[4]

The transcript of the pleading makes it clear that no plea agreement was ever reached between the government and Hicks. Both the attorney for the United States and defense counsel denied the existence of a plea agreement when asked by Judge Levy whether Hicks' decision to plead guilty was subject to any cooperation agreement. (Pleading Transcript at 9.) Hicks simply pled guilty to the charges in the indictment.[5]

---

[3] Section 2K2.1(a)(3) prescribes a base offense level of 22 if:
> The offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30), and the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense.

[4] Ordinarily, a petitioner is barred from seeking relief under § 2255 when the claim could have been raised on appeal. *See Reed v. Farley*, 512 U.S. 339, 354 (1994) (citing *Sunal v. Large*, 332 U.S. 174, 178 (1947)). However, because Hicks' petition, in any event, is denied, it is not necessary to decide whether the accuracy of Hicks' offense level is an issue that could have been raised on appeal.

[5] A review of the record reveals the likely source of Hicks' confusion as to the existence of a plea agreement and the calculation of his offense level. The parties had discussed a plea agreement, although it was never executed. (Pleading Transcript at 9-10.) It was on this proposed agreement that the attorney for the United States erroneously based her estimated base offense level of 22 during the pleading. (Pleading Transcript at 12.) Hicks relies on both the proposed plea agreement and the transcript of the pleading for his assertion that he was assigned a base offense level of 22 in error. (§ 2255 Petition at 4.1.) Although the Presentence Report correctly calculated Hicks' offense level, it was not written at the time of Hicks' allocution. Furthermore, the transcript of the sentencing does not mention a 2 level enhancement for destruction of the gun's serial number; it only concludes that Hicks has a net offense level of 19, which is the same net offense level that Hicks would have received under the government's erroneously calculated plea agreement. However, I only relied on the Presentence Report when calculating Hicks' net offense level. As described below, 19 was the correct net offense level and Hicks' sentence is not in excess of the maximum allowed by law.

In all events, the offense level of 22 that was assigned to Hicks was not in error. As Hicks correctly points out, the offense he pled guilty to that described in § 2K2.1(a)(4), which assigns a base offense level of 20 to individuals who are in possession of a firearm following a felony conviction for a controlled substance offense. The Presentence Report indicates that the firearm found in Hicks' possession had its serial number obliterated. (PSR at 4.) Under § 2K2.1(b)(4), an individual's offense level is increased by 2 levels when a firearm's serial number is altered or obliterated. Thus, Hicks' net offense level of 19 was calculated by taking the base offense level of 20 pursuant to § 2K2.1(a)(4)(A), adding 2 levels for tampering with the gun's serial number pursuant to § 2k2.1(b)(4), and finally subtracting 3 levels for acceptance of responsibility pursuant to § 3E1.1. Based on Hicks' criminal history category of IV, the Sentencing Guidelines recommended a term of imprisonment between 46 and 57 months. I sentenced Hicks to a 46 month term of imprisonment. (Sentencing Transcript at 12.)

Because his offense level was correctly calculated, Hicks' first argument fails.

**Ineffective Assistance of Counsel**

Hicks also argues that his imprisonment is in violation of his Sixth Amendment right to a fair trial because he lacked effective assistance of counsel. Hicks believes that his counsel was ineffective for allowing him to accept a plea agreement that

overstated his base offense level, for failing to bring to the sentencing court's attention that the offense level was incorrect, and for failing to appeal the imposition of sentence based on an erroneous base offense level.

A defendant who alleges a violation of his Sixth Amendment rights due to ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient by "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must identify counsel's acts or omissions that the defendant believes were not the result of "reasonable professional judgment." *Id.* at 690. In making the objective determination of whether counsel's assistance was professionally competent, courts adopt a strong presumption that "counsel's conduct falls within the wide range of professional assistance." *Id.* at 689. Moreover, it is not enough that counsel simply makes a professionally unreasonable error, the error must also prejudice the defendant by creating a "reasonable probability" that, but for counsel's unprofessional conduct, the result would have been different. *Id.* at 694.

Applying the *Strickland* standard to the instant case, I find that Hicks has not demonstrated that his counsel was ineffective. As I have already determined, there was no plea agreement between

Hicks and the Government. Therefore, there is no basis for Hicks to claim that his counsel was ineffective for allowing him to enter into a plea agreement that inaccurately calculated his base offense level. Furthermore, since Hicks' net offense level of 19 was accurately calculated, there was nothing for his counsel, Mr. Schneider, to bring to the court's attention, nor was there any grounds for appeal on the basis of an incorrect offense level.[6]

Furthermore, during sentencing Mr. Schneider argued for a reduction in Hicks' criminal history category, which would have had the effect of reducing Hicks' Sentencing Guidelines' recommended sentence and requested that this Court sentence Hicks at the low end of the applicable range.

Accordingly, I find that Mr. Schneider's presentation to this Court fell well within the range of professionally reasonable conduct and therefore did not amount to ineffective assistance.

## CONCLUSION

For the reasons set forth above, Rasheen Hicks' § 2255 petition is denied. Petitioner is denied a certificate of appealability because he has not made "a substantial showing of

---

[6] Hicks also argues that his counsel's assistance was ineffective because this Court did not consider whether it should sentence Hicks at the low end of 37 to 46 months, the recommended range that corresponds with an offense level of 17 and a category IV criminal history. This argument presupposes that 17 was the correct net offense level, which, as discussed above, is incorrect. As indicated above, Mr. Schneider did argue for a sentence, and Hicks was sentenced, at the low end of the applicable Guidelines range.

the denial of a constitutional right." *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996).

The Clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          May 16, 2006

                  By: /s/ Charles P. Sifton (electronically signed)
                      United States District Judge